# United States District Court
### EASTERN DISTRICT OF TEXAS DIVISION
### SHERMAN DIVISION

| | | |
|---|---|---|
| CORNELIUS JOSEPH MCCASTLE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:15CV420 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On November 15, 2016, the report of the Magistrate Judge (Dkt. #48) was entered containing proposed findings of fact and recommendations that Defendant Medical Center of McKinney's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #19) should be **GRANTED** and Defendant's Motion to Dismiss pursuant to Texas Civil Practice and Remedies Code § 74.351(b) (Dkt. #41) should be **DENIED** as moot, and this case should be **DISMISSED** as to this Defendant.

The record in this case indicates Defendant received a copy of the Magistrate Judge's report and recommendation on November 29, 2016 (*see* Dkt. #49). Defendant timely filed Objections on November 30, 2016 (Dkt. #51). *Pro se* Plaintiff makes similar arguments as made in his Amended Complaint (Dkt. #5), and fails to show he has stated a claim upon which relief can be granted. Additionally, Plaintiff asserts he has disclosed expert testimony, which is required in a healthcare liability claim. *See* Dkt. #51 at 1; *see also* TEX. CIV. PRAC. & REM. CODE § 74.351(a). Although

this was not addressed in the report and recommendation, not only was Plaintiff's designation of an expert untimely, Plaintiff has not actually designated an expert; he has simply indicated that he submits an MRI, which does not comply with the requirements of the Texas Civil Practice and Remedies Code (*see* Dkt. #45). Finally, Plaintiff states violations under new statutes.[1] Plaintiff has not stated a claim upon which relief could be granted under these statutes, he simply lists them. Also, the Court notes these are federal criminal statutes that are inapplicable in this civil case.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge (Dkt. #48) as the findings and conclusions of this Court. It is, therefore, **ORDERED** that Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #19) is **GRANTED** and Defendant's Motion to Dismiss pursuant to Texas Civil Practice and Remedies Code § 74.351(b) (Dkt. #41) is **DENIED** as moot, and this case should be **DISMISSED** as to Medical Center of McKinney.

**IT IS SO ORDERED.**
SIGNED this 30th day of December, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] *See* Dkt. #51 at 2-4. Plaintiff cites to the following new statutes: 18 U.S.C. § 1801 (Video voyeurism); § 246 (Deprivation of relief benefits); § 1515 (Definitions for certain provisions; general provisions); 1518 (Obstruction of criminal investigations of health care offenses).